THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEROME PERRY, Also Known as JEROME KILPATRICK, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 7, 1968, convicting him of grand larceny in the second degree and assault in the third degree, upon his plea of guilty, and imposing sentence. Defendant is represented on this appeal by assigned counsel on the staff of the Legal Aid Society, which has a contract with the City of New York to represent indigent defendants. Counsel ascertained from defendant by letter that he [defendant] considered his sentence to the New York City Penitentiary on the assault count illegal. On August 15, 1968, defendant was resentenced on that count, predicated on this court's decision in *People* v. *Monteleone* (30 A D 2d 158). Counsel thereupon wrote defendant and inquired whether he wanted his appeal prosecuted, but received no response. In May, 1969, counsel moved to be relieved of this appellate assignment, stating that, if defendant does not want to withdraw his appeal, counsel saw no points defendant might want raised except one with respect to the propriety and validity of the guilty plea. This,

it was claimed, would entail criticism of the member of the staff of the assigned counsel (Legal Aid Society) who had represented defendant when his plea of guilty was taken and, since such criticism would involve the assigned counsel in a conflict of loyalties, he was unable to afford defendant a thorough and impartial development of this point. In June, 1969, this court denied the motion and ordered that the appeal be perfected for the September Term. In the brief submitted on this appeal on defendant's behalf, assigned counsel reiterates his position that a conflict of loyalties is involved and states that he cannot fully and impartially explore all arguable points. He adds that (1) the proper role of counsel in the situation at bar would be to explore the propriety of the plea of guilty and the procedure by which it was taken; (2) the plea minutes in this case do not meet constitutional standards as to voluntariness, which require a full exploration of the factual details of the crime and of defendant's understanding of what the plea connotes and its legal consequences; (3) diligent counsel below would have also explored the events which preceded the plea in order to determine whether it was the result of a coerced confession or an illegal search; and (4) if the right to raise these latter issues on appeal might be regarded as lost because of the failure of counsel below to raise them, defendant could be advised by counsel to withdraw his appeal and seek *coram nobis* relief. All of the foregoing, counsel argues, additionally support his conclusion that a conflict of loyalties is involved and that he cannot adequately present them on defendant's behalf. Accordingly, appellate counsel refrains from arguing the merits and his brief is, in effect, a motion for reargument of his previous motion to be relieved as counsel. Treated as such, the motion is denied. In our opinion, of the points mentioned by counsel, all but one involve matters dehors the record and are not presentable on this appeal. The one arguable point is that the record of the plea minutes reflects a failure on the part of the trial court to comply with constitutional standards and to ascertain that the plea was voluntary in the constitutional sense by exploring all the pertinent factual details of the crime and defendant's understanding of what the plea connotes and its legal consequences. We do not reach the merits of this point at this posture. However, we do not consider it frivolous and are of the opinion that defendant is entitled to be represented by counsel to present this point on his behalf. Defendant is also entitled to be furnished with a copy of his assigned counsel's brief so as to afford him an opportunity to raise any points that he chooses before we make a determination herein (see *Anders* v. *California;* 386 U. S. 738). As we view it, since this arguable point is directed at the manner in which the plea was taken by the trial court, as reflected in the record, it does not entail criticism of counsel and does not pose any conflict of loyalties for presently assigned counsel to present. Accordingly, the assigned appellate counsel is directed to file a brief on the merits in accordance with this memorandum and to serve a copy thereof upon appellant and respondent on or before January 23, 1970. Respondent may serve and file a reply brief and appellant may serve on respondent and file with this court a supplemental brief pro se on or before February 20, 1970. At the same time that appellant's counsel serves his brief upon appellant as above provided, he shall serve upon appellant a notice in writing informing him of the permission herein given to him to file a supplemental pro se brief. Pending the service and filing of the above-mentioned briefs, determination of the appeal will be held in abeyance. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.